**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas C. Rhoads and Shannon N. Rhoads, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Washington Mutual Bank, F.A., a business entity unknown status; Washington Mutual Home Loans, a business entity unknown status; JPMorgan Chase Bank, N.A., a business entity unknown status; California Reconveyance Company, a business entity unknown status; Yves Montbleur and Jane Doe Montbleur, husband and wife; Chandra Franklin and John Doe Franklin, husband and wife; Tracey Patterson and John Doe Patterson, husband and wife; Sandra Barnes and John Doe Barnes, husband and wife; John Does I-X; Jane Does I-X; ABC corporations I-X; CDF partnerships I-X; XYZ investors I-X,<br><br>Defendants. | No. CV-09-08229-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs Douglas and Shannon Rhoads' motion to remand and for relief from order (doc. 11), a response by defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company ("Chase and CRC") (doc. 12), and plaintiffs' reply (doc. 13).

**I**

On September 21, 2009, plaintiffs filed this action in the Superior Court of Arizona in Yavapai County against a number of entities and individuals. With respect to a mortgage loan on, and trustee's sale of, a home in Sedona, Arizona, plaintiffs allege eighteen counts involving the Uniform Commercial Code, A.R.S. § 47-3101, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Truth in Lending Act, 15 U.S.C. § 1601, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, conspiracy, fraud, conversion, the Arizona Consumer Fraud Act, A.R.S. § 44-1521, breach of contract, and breach of the implied covenant of good faith and fair dealing.

Chase and CRC removed the action to this court on December 16, 2009 and moved to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., on December 23, 2009. Plaintiffs failed to respond. In our Order of January 26, 2010, we summarily granted Chase and CRC's motion pursuant to LRCiv 7.2(i) due to plaintiffs' non-compliance with briefing requirements (doc. 10).

Plaintiffs move to remand to state court based on a lack of subject matter jurisdiction and defects in the removal process. They also move for relief from our Order dismissing the claims against Chase and CRC with prejudice. Plaintiffs represent that they do not intend to pursue their federal claims. They have not served any of the defendants because they wish to proceed in state court with an amended complaint alleging only state law claims. Chase and CRC maintain that removal was proper, and they oppose any relief from our Order.

**II**

Plaintiffs challenge Chase and CRC's removal of this action based on a lack of subject matter jurisdiction, which they may do at any time before final judgment. 28 U.S.C. § 1447(c). Except where Congress expressly provides otherwise, a defendant may remove a civil action from a state court to the federal district court where the action is pending, if it would have original jurisdiction. Id. § 1441(a). District courts have original jurisdiction of civil actions arising under federal law. Id. § 1331. Plaintiffs contend that their action does

- 2 -

not arise under federal law because their state claims are insufficiently preempted by their federal claims to be completely preempted, and ordinary preemption is not a basis for removal.

Chase and CRC, which have the burden of showing that removal was proper, Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006), correctly point out that plaintiffs misunderstand the interaction of the doctrine of preemption and federal question jurisdiction for purposes of removal. Ordinary preemption is insufficient to support removal because, as a defense, it does not present a federal question in the context of a well-pleaded complaint. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945-46 (9th Cir. 2009). A small number of federal laws so completely preempt an area of law that the preempted "state" claims become federal claims. Id. Thus, such a claim can support removal because it presents a federal question for purposes of a well-pleaded complaint. Id. In this case, however, neither kind of preemption is at issue because plaintiffs affirmatively plead federal claims. All of plaintiffs' federal claims arise under federal law, and each provides a sufficient basis for removal. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 386, 118 S. Ct. 2047, 2051 (1998). We deny plaintiffs' motion to remand based on a lack of subject matter jurisdiction.

Plaintiffs also challenge removal based on procedural defects, which they may not do at this time because defects other than subject matter jurisdiction must be raised within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c). We note that their contentions are otherwise unavailing.

Plaintiffs contend that removal was defective because Chase and CRC have not been served and the other defendants did not join in the notice of removal. Neither service of process nor the joinder of unserved defendants, however, is required to remove an action. Id. § 1448 (allowing service to be perfected after removal); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (unserved defendants need not consent to removal).

Plaintiffs also contend that remand is necessary because the state court lacked personal jurisdiction over Chase and CRC, and thus we cannot obtain it. They rely on the

doctrine of derivative jurisdiction, under which a district court acquires no more jurisdiction on removal than was present in state court. Freeman v. Bee Mach. Co., 319 U.S. 448, 449, 63 S. Ct. 1146, 1147 (1943). The doctrine no longer exists, at least for purposes of removal under § 1441. 28 U.S.C. § 1441(f) (on removal under § 1441, district courts are not precluded from deciding claims because the state court lacked jurisdiction over them). Moreover, because it is based on the absence of a proper state court action to remove, the better view is that the doctrine applies only to subject matter and not personal jurisdiction. Welsh v. Cunard Lines, Ltd., 595 F. Supp. 844, 845-46 (D. Ariz. 1984). Thus, the doctrine of derivative jurisdiction cannot form the basis for remand, because it assumes the state court lacks subject matter jurisdiction, and it does not prevent this court from obtaining personal jurisdiction over Chase and CRC. Indeed, we did so when they moved to dismiss without raising a lack of personal jurisdiction as a defense. Rule 12(h)(1)(A), Fed. R. Civ. P. We deny plaintiffs' untimely motion to remand based on defects other than subject matter jurisdiction.

### III

Next, plaintiffs move for relief from our Order dismissing the claims against Chase and CRC with prejudice due to plaintiffs' failure to respond to the motion to dismiss. They rely on Rule 54(b), Fed. R. Civ. P., which only clarifies that such orders may be revised before final judgment, Rule 59(b), Fed. R. Civ. P., which is inapplicable because it concerns motions for a new trial, and Rule 60(b), Fed. R. Civ. P., which is inapplicable because our Order is not yet final. To the extent plaintiffs' motion is one for reconsideration, it is timely but unpersuasive.

First, plaintiffs argue that Chase and CRC's failure to send them four pages from the 60-page notice-of-removal filing provides grounds for a finding of excusable neglect. Despite the allegedly missing pages, they do not dispute that they received notice of removal from Chase and CRC and from this court. Moreover, Chase and CRC provide unopposed affidavits verifying the mailing of both the notice of removal and the motion to dismiss. Response, Exs. B & C. Plaintiffs cannot claim excusable neglect based on a lack of notice.

1 | Second, plaintiff Douglas Rhoads, serving as counsel for himself and his wife, represents that he mistakenly believed that his deadline to seek admission to practice before the United States District Court for the District of Arizona affected plaintiffs' briefing requirements. He does not explain why he believed this was the case. While he makes much of his inability to be admitted on Martin Luther King Day, the holiday fell a week after plaintiffs' response was due. In support, plaintiffs offer an email exchange between Rhoads and Chase and CRC's counsel. Motion, Ex. A. It does not suggest that relief would be appropriate. We deny plaintiffs' motion for relief from our Order of January 26, 2010.

**IV**

Finally, we note that the time to serve the remaining defendants has run. Rule 4(m), Fed. R. Civ. P. Because plaintiffs represent that they do not intend to serve these defendants, we will dismiss the claims against them without prejudice.

Accordingly, **IT IS ORDERED DENYING** plaintiffs' motion to remand and for relief from order (doc. 11).

**IT IS FURTHER ORDERED DISMISSING** all claims against Washington Mutual Bank, Washington Mutual Home Loans, Yves Montbleur, Chandra Franklin, Tracey Patterson, Sandra Barnes, and the unknown and fictitiously-named defendants without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

With respect to our Order of January 26, 2010 (doc. 10), the clerk shall enter final judgment in favor of JPMorgan Chase Bank, N.A. and California Reconveyance Company and against plaintiffs.

DATED this 2nd day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge